# The North Branch Canal Company *versus* Hireen.

*Proper form of action for Injury done to Landowner by construction of State Canal under Act of 21st April* 1858, *and April* 12th 1859.— *What may be recovered in.*

1. Under the Act 21st April 1858, providing for the sale of the state canals, and that of 12th April 1859, for the assessment and recovery of damages upon the North Branch Canal, the only remedy for a landowner for land taken in the construction of that canal, is as is therein provided, and can result only in a judgment for money, which must be enforced by the ordinary process of execution in such cases.

2. Where a landowner had obtained a verdict and judgment for land taken by the state in the construction of the canal, in a proceeding instituted, in 1859, against the vendees of the state, under Act 21st April 1858, he cannot, after the execution issued upon that judgment is returned "*nulla bona*," recover the land in ejectment.

3. The state, having title to the premises, conveyed them to her vendees, the

canal company, who became liable for the damages occasioned by the taking, in the mode pointed out by the law, to be recovered by the plaintiff by execution process; but the original owner had no title to the land upon which to sustain ejectment.

ERROR to the Common Pleas of *Bradford county*.

This was an action of ejectment, by Timothy Hireen against The North Branch Canal Company, for a tract of land covered by the canal of the defendants, in which the following case was stated for the opinion of this court:—

T. Hireen, the plaintiff, purchased the land in dispute December 3d 1852, and took possession of the same, and held and occupied the same till taken by the defendants, as hereinafter set forth.

The Commonwealth of Pennsylvania located and constructed a portion of the North Branch Canal through the lands of the plaintiff, and in the construction and use of said canal, took possession of the land in dispute, and occupied and used it for the canal.

The canal was constructed in the years 1853 and 1854, and the water let in the canal in the spring of 1855, under the control of the Commonwealth of Pennsylvania, and the same was in full use until the Commonwealth sold it to the defendants, and the defendants from the time of such purchase have continued to use it as a canal and as a public highway, according to the purpose for which it was constructed. In the year 1858 an Act of Assembly was passed, authorizing the sale of the public improvements of the Commonwealth of Pennsylvania, and in pursuance of that act, the North Branch Canal was purchased by the defendants, subject to the payment of damage for the construction of said canal, as set forth in said act.

On the 1st of August 1859, the plaintiff commenced a suit against the defendants, in pursuance of the Act of Assembly, passed the 13th day of April 1859, by filing his petition, setting forth the damages he had sustained in consequence of the construction and use of the said North Branch Canal through his premises by the taking of the land in question.

That the same was tried in the way and manner pointed out by the Act of Assembly, and judgment entered in favour of the plaintiff for the sum of $859, on the 15th day of November 1859.

That execution has been issued, and returned *nulla bona* before the commencement of the suit.

The land was patented to Arthur Irwin by the Commonwealth of Pennsylvania 23d of February 1792, and the legal title by mesne conveyance became vested in the plaintiff, as above set forth.

That the defendants were in possession of said land at the time of the commencement of this suit, for the use of the canal.

[North Branch Canal Co. *v.* Hireen.]

That no portion of the damages recovered by the plaintiff against the defendants has been paid, or security given therefor.

The Acts of Assembly referred to are made a part of the case.

If the court be of opinion that from the facts herein stated, the plaintiff is entitled to recover, then judgment to be entered for the plaintiff, otherwise for the defendants. The court below gave judgment for the plaintiff, which was the error assigned.

*J. C. Adams,* for plaintiff in error.

*H. W. Patrick,* for defendants in error.

The opinion of the court was delivered, March 16th 1863, by

READ, J.—The upper North Branch division of the Pennsylvania Canal was constructed in the years 1853 and 1854, and the water let into the canal in the spring of 1855. The premises in dispute were taken by the state for the purposes of the canal, and it does not appear that any claim was made for damages upon the Commonwealth by the plaintiff whilst the work was in their possession, when they could have been assessed by the canal commissioners according to law. Under the provisions of the Act of 21st April 1858, for the sale of the state canals, this division, with all the public works of the Commonwealth remaining unsold, were sold, and this division became the property of the defendants, and the state conveyed to them all their right, title, and interest in the same and every part thereof, and of course to the premises in question. The title to the possession and use of the real estate taken was in the Commonwealth, whilst the plaintiff had a claim for damages against them, which was the extent of his right when the premises were transferred to the defendants. By the 5th section, this canal was to be and remain a public highway for ever for the use and enjoyment of all persons designing to use the same.

The 7th section provided " that all claims for damages or other demands against the Commonwealth, by individuals or companies, in relation to the location, construction, repairs, management, or use of any of the divisions of the canal, sold under this act, shall, if established, be paid by the purchaser of the proper line or division, the amount to be ascertained and payment thereof made as the legislature may direct, but in any case the purchaser shall have notice, and an opportunity to be heard against the allowance of such demands." The Act of the 12th April 1859, for the assessment and recovery of damages upon the North Branch and Wyoming canals, provides for the appointment of commissioners to appraise and assess damages, and investigate other demands consequent upon and arising out of the location, construction, repairs, and use of the canals which

[North Branch Canal Co. *v.* Hireen.]

either the North Branch Canal Company or the Wyoming Canal Company is liable to pay, in pursuance of the said 7th section.

The mode of proceeding, and the duties and powers of the commissioners, are prescribed, and their reports are ordered to be filed in the Court of Common Pleas, with the prothonotaries, together with the evidence; and in all cases not appealed from as thereinafter provided, where the award is not paid within sixty days from the day of filing the same, the prothonotary of the proper county is thereby required to enter judgment for the amount, and execution may issue on the same as in similar cases, as is provided by the existing laws of the Commonwealth. Either party may appeal, and a jury of viewers is then appointed by the Court of Common Pleas, upon whose report, if approved by the court, judgment shall be entered, and if not approved by the court, an issue shall be formed to try the validity of the claim as filed, under the provisions of the 6th section of the act; and from thenceforth like proceedings shall be had as though the case had been originally brought in said court, with the right of the writ of error.

It will be observed that the claims, whether for damages or otherwise, have the same course of proceeding prescribed for them, and can only end in a judgment for money, if favourable to the claimant, and that judgment can only be enforced by the ordinary process of execution in such cases. This is all the legislature has provided, and the claimant is entitled to nothing else as against the canal company.

In the present case a judgment was entered in favour of the plaintiff for the sum of $859, on the 15th of November 1859, on which execution was issued, and returned *nulla bona*, and upon which a writ of sequestration might have been issued, but the plaintiff is in no better condition, nor has he any other rights than any other judgment-creditor of the canal company. The case, therefore, is a very simple one. The state had, as we have seen, a good title to the premises in dispute, which was conveyed to the canal company, who were made liable for the damages, and thus became debtors to the plaintiff, who finally became a judgment-creditor, and entitled only to the ordinary process of execution against the company. Any other construction of these acts would have defeated their express intention, by which the canal was to be a common highway for ever, and the state was to have an undisputed and indefeasible first mortgage upon the canal and all its appurtenances. It is clear, therefore, that the plaintiff had no title to the land upon which he could sustain an ejectment.

> Judgment reversed, and judgment entered for the defendants.